The undersigned have reviewed the Award based upon the Record of the proceedings before the deputy commissioner.
Defendants have moved to dismiss plaintiff's appeal to The Full Commission due to plaintiff's failure to serve Defendants with a copy of her notice of appeal and due to Plaintiff's failure to timely file a Form 44 and brief. It is noted that plaintiff was proceeding pro se at the time these actions were to have taken place, and upon retention of the above-captioned attorney, a detailed form 44 and filed on May 1, 1998. Pursuant to Rule 801, in the interest of justice, and noting plaintiff's pro se status until of late, defendant's motion is HEREBY DENIED, and the undersigned are of the opinion that the current record is insufficient upon which to adequately review or decide this matter.
Accordingly, the record is HEREBY REOPENED at this time for the depositions of the medical experts, in particular Dr. Janeway and Dr. Jolly, to be taken and considered and for admission of the Form 22 is properly determine a correct average weekly wage for plaintiff should it prove necessary. Further, the Form 61 IS HEREBY made a part of the official record in this case for consideration.
Plaintiff's counsel shall confer with defense counsel at the earliest possible convenience as to the scheduling of the depositions and shall notify the Commission of said scheduling within thirty days of the filing date of this Opinion and Award.
Once completed, the parties shall submit the depositions to the undersigned, and the record shall again be closed so that the Full Commission may once again consider the case and render a final Opinion and Award.
Defendants shall pay the expert witness fees once the exact amounts are approved by the Commission. Further hearing costs shall abide the final results of the case.
This the ___ day of August, 1998.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ BERNANDINE S. BALLANCE COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER